## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WATKINS, Individually | * | |
| 281 Miss Staci Drive | | |
| Martinsburg, WV 25404 | * | |
| | | |
| and | * | SEP 1 2 2007 |
| | | |
| BRENDA WATKINS, Individually, | * | |
| 281 Miss Staci Drive | | |
| Martinsburg, WV 25404 | * | |
| | | |
| *Plaintiffs* | * | |
| | | |
| v. | * | CASE NO.: |
| | | |
| MANUEL CASIANO, MD | * | |
| 74 Thomas Johnson Dr | | |
| Frederick, MD 21702 | * | |
| | | |
| and | * | |
| | | |
| FORIS SURGICAL GROUP, LLP | * | |
| 74 Thomas Johnson Dr | | |
| Frederick, MD 21702 | * | |

Serve On:    Manuel Casiano, MD *
74 Thomas Johnson Dr
Frederick, MD        *
21702-5182
**Resident Agent**   *

*Defendants*        *                        *

\* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Ronald Watkins, Individually and Brenda Watkins, Individually, by and

through their attorneys, Paul D. Bekman, Julia A. Lodowski and Salsbury, Clements, Bekman,

Marder & Adkins, L.L.C., sue the Defendants, Manuel Casiano, MD and Foris Surgical Group,

LLP, and state as follows:

## COUNT I

1.      The amount of this claim exceeds $25,000.00.

2.      The Defendant, Manuel Casiano, M.D., is a citizen and resident of the
State of Maryland.

3.      The Defendant, Foris Surgical Group, LLP is a Maryland corporation which
maintains its principal place of business in the State of Maryland.

4.      The Plaintiffs, Ronald and Brenda Watkins, reside in the State of West Virginia.

5.      There exists diversity of citizenship pursuant to 28 U.S.C. Section 1332 since the
Plaintiff and Defendants are citizens and residents of different states, and the amount in
controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6.      The venue for this claim is proper in the United States District Court for the
District of Maryland, Northern Division.

7.      A Statement of Claim was filed with the Health Claims Arbitration Office as
required under Maryland law, and arbitration of the claim was waived by the Plaintiffs pursuant
to § 3-2A-06B(b) of the Courts and Judicial Proceedings Article.  The Statement of Claim,
documents filed thereto and Order of Transfer are attached.

8.      At all times hereinafter set forth, the Defendant, Manuel Casiano,
M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent,
and able general surgeon and Defendant, possessing or providing that degree of skill and
knowledge which is ordinarily possessed by those who devote special study and attention to the
practice of general surgery and medicine, and, as such, owed a duty to the Plaintiffs to render that
degree of care and treatment which is ordinarily rendered by those who devote special study and

attention to the practice of general surgery and medicine.

9.      At all times hereinafter set forth, the Defendant, Manuel Casiano,

M.D., (hereinafter "Casiano") was an agent and/or apparent agent, servant, or employee of the

Defendants, Foris Surgical Group, LLP.( hereinafter "Foris Surgical Group").

10.      On or about August 30, 2004, Ronald Watkins presented to the office of

Defendant, Casiano in order to have a newly diagnosed rectal polyp evaluated for surgical

removal.  After examining Mr. Watkins and reviewing colonoscopy films, Defendant Casiano

scheduled Mr. Watkins for a transanal resection of his polyp.

11.      On September 8, 2004, Mr. Watkins underwent a transanal resection of his polyp

by Defendant Casiano.  During the course of the procedure, Defendant Casiano stapled his

rectum shut and did not recognize same.

12.      On or about September 12, 2003, Mr. Watkins telephoned Defendant's Casiano's

office and informed him that he had increasing rectal pressure and had not passed gas in four

days.  Defendant Casiano instructed Mr. Watkins to come to the hospital for an evaluation.

13.      Upon evaluation, Defendant Casiano determined that exploratory surgery needed

to be accomplished in order to determine the source of Mr. Watkins' rectal pressure and gas

build-up.  That surgery was accomplished on September 13, 2007 and at that time, Defendant

Casiano found that he had to perform an open laparatomy because he was unable to pass the

scope transanally past the staple line.  Upon open laparatomy, Defendant Casiano found that he

had stapled Mr. Watkins' rectum shut during the prior surgery.  Defendant performed a low

anterior colon resection in order to free Mr. Watkins' colon.

14.      After performing the low anterior colon resection, Mr. Watkins developed

persistent abdominal pain (for years) caused by a chronic inflammation of his open laparatomy

site.   He underwent an additional surgical procedure to alleviate this pain.  He also has

permanent issues with respect to his bowel movements, mainly, that he requires manual help to

remove same.

     15.  The Defendant, Manuel Casiano, M.D., was negligent and careless in

the following respects:

          a.     failed to appropriately perform the transanal resection of the rectal polyp;

          b.     failed to appropriately staple the colon after the polypectomy;

          c.     failed to timely recognize the improper stapling shut of the rectum; and

          d.     was otherwise careless and negligent.

     16.  As a direct result of the negligence of the Defendant s, Mr. Watkins

was caused to suffer additional unnecessary surgeries; multiple unnecessary hospital admissions;

painful, debilitating and permanent injuries to his body; severe mental anguish and emotional

pain and suffering; unnecessary hospital, medical expenses and other expenses; and other

financial losses and damage.

     WHEREFORE, the Plaintiff, Ronald Watkins, Individually, claim damages in an amount

to be determined by a jury, with all costs to be paid by the Defendants.

**COUNT II**
**(Loss of Consortium)**

     17.  The Plaintiff, Brenda Watkins, Individually, incorporates paragraphs 1 through 16

of the Statement of Claim as if they were fully set forth at length herein.

     18.  That at the time of the alleged negligence, Ronald Watkins and Brenda Watkins

were husband and wife.

     19.  That as a direct result of the negligence of the Defendants, the Plaintiffs, Ronald

Watkins and Brenda Watkins suffered severe mental anguish, and emotional pain and suffering, and a loss of their marital relationship.

20.    All of the losses, damages and injuries sustained by the Ronald Watkins and Brenda Watkins, to their marriage, were caused by the negligence of the Defendants without any negligence on part of the Plaintiffs contributing thereto.

WHEREFORE, the Plaintiff, Ronald Watkins, Individually, claim damages in an amount to be determined by a jury, with all costs to be paid by the Defendants.

Paul D. Bekman
Julia A. Lodowski
**Salsbury, Clements,**
**Bekman, Marder & Adkins, L.L.C.**
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410)539-6633

*Attorneys for* Plaintiffs