# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD WATKINS, et al. | * | |
| Plaintiffs | * | Civil No. CCB 07 CV 2419 |
| vs. | * | |
| MANUEL CASIANO, M.D., et al | * | |
| Defendants | * | |

*************************************************************************

## PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENSE EXPERT JAMES DICKE, M.D.

Plaintiffs, Ronald and Brenda Watkins, by and through their attorneys, Julia A. Lodowski, Emily C. Malarkey, and Salsbury, Clements, Bekman, Marder & Adkins, LLC, move to exclude portions of the testimony of Defendants' expert witness James Dicke, M.D, and state as follows.

## Factual Background

1.  *The Lawsuit*.

On September 8, 2004, Ronald Watkins underwent transanal surgery to excise a rectal polyp. The surgery was performed by the Defendant, Manuel Casiano, M.D., using an Endo-GIA stapling device. Dr. Casiano breached appropriate standards of care during the transanal procedure, and stapled Mr. Watkins' rectum closed with the Endo-GIA stapler. Four days later, Mr. Watkins underwent an open abdominal procedure (a "low anterior resection") that required removal of the stapled portion of his rectum to correct the obstruction.

As a result of Dr. Casiano's negligence, Mr. Watkins suffered and continues to

suffer from numerous injuries, including multiple hospital admissions and multiple surgical procedures. He continues to suffer from chronic constipation and constant anal leakage, conditions which are permanent in nature.

*2. Dr. Dicke's Testimony*

At trial, the Defendants plan to call James Dicke, M.D., a family medicine physician specializing in endocrinology. Dr. Dicke essentially plans to offer two opinions at trial. The first, which is outlined in his initial Report, is that Mr. Watkins' life expectancy is shortened because he is a smoker.

The second opinion, which was not contained in Dr. Dicke's initial Report, is that Mr. Watkins is a poor "wound healer" because he is a smoker. Although defense counsel had discussed this opinion with Dr. Dicke a week or two prior to his deposition, Plaintiffs were first made aware that Dr. Dicke would offer this new opinion at his deposition on Thursday, August 21, 2008. *See* Exhibit 1 (Deposition of James Dicke, M.D.) at 19-20, 49-50. At that deposition, Dr. Dicke testified that Mr. Watkins' rectal obstruction "could have been caused partially" by swelling caused by "tobacco use ischemia." *Id.* at 53-54. He reiterated his opinion that "ischemia created by the smoking **could have caused edema**. That it was **a factor** in causing the edema." *Id.* at 55 (emphasis added).

Dr. Dicke also testified that poor wound healing due to tobacco use has caused several subsequent problems suffered by Mr. Watkins, such as adhesion and fistula formation, for which Mr. Watkins has undergone subsequent surgeries and from which he continues to suffer. *Id.* at 53-54, 55.

2

The new opinions were reiterated in a written addendum to Dr. Dicke's report provided to Plaintiffs' counsel on September 3, 2008. *See* Exhibit 2 (Addendum Report of James Dicke, M.D.).

**Argument*:*

**Dr. Dicke's Testimony Regarding "Poor Wound Healing"
Is Not Helpful To The Jury
And Violates The Eggshell Plaintiff Doctrine**

Dr. Dicke's testimony that Mr. Watkins is a poor "wound healer" because he is a smoker should be excluded. Dr. Dicke first opines that the rectal obstruction that developed after Mr. Watkins' transanal excision "could have been caused partially" by swelling caused by "tobacco use ischemia[;]" or, in other words, that "ischemia created by the smoking **could have caused edema**." Ex. 1 at 53. 55 (emphasis added); *see also* Ex. 2 at 1 ("The edema itself could have been caused partially from ischemic changes generated by tobacco use...").

This testimony is not admissible because Dr. Dicke is not able to say that poor wound healing caused by smoking was, to a reasonable degree of medical certainty, what caused Mr. Watkins' rectum to be closed completely off. *See in re French,* 499 F.3d 345, 358 (4th Cir. 2007) (recognizing the rule that expert medical testimony must be stated in terms of "reasonable degree of medical certainty"). His testimony is not relevant or helpful to the jury inasmuch as what is *possible* or what *could have caused* Mr. Watkins' rectal obstruction does not assist the jury in determining what caused it by a preponderance of the evidence. *See* Fed. R. Evid. 401 and 702 ("If scientific, technical, or other specialized knowledge *will assist the trier of fact to understand the*

*evidence or to determine a fact in issue..."*) (emphasis added). Dr. Dicke should only be able to testify on this issue if he can say, more likely than not, that tobacco use caused swelling that obstructed Mr. Watkins rectum. Because he cannot so opine, this testimony must be excluded.

Dr. Dicke takes his smoking opinions one step further and testifies that the subsequent procedures and injuries endured by Mr. Watkins were exacerbated by poor wound healing due to tobacco use. *See* Ex. 1 at 53-55; Ex. 2 at 2. These damages include a surgery to remove scar tissue and adhesions in Mr. Watkins' abdomen, surgery to fix an abdominal wall fistula at the site of Mr. Watkins' abdominal scar, and the permanent condition of constant anal leakage caused by an internal sinus tract or fistula. *See id.*

This testimony should be excluded because it is irrelevant and is meant to confuse the jury. *See* Fed. R. Evid. 401, 402, 403. It also violates the eggshell or thin skull plaintiff doctrine, which holds that the defendant takes the plaintiff as he finds him and is responsible "for all damages suffered by plaintiff notwithstanding the fact that these damages were unusually extensive because of because of peculiar susceptibility." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 163 (4th Cir. 1988). There is **no dispute** in this case that the subsequent injuries and damages Mr. Watkins has suffered are related to the fact that he underwent an open abdominal surgery to correct the rectal obstruction found several days after the transanal excision performed by Dr. Casiano. Assuming for purposes of argument that Mr. Watkins' subsequent injuries and damages are even partially worsened by his smoking history, if Dr. Casiano injured

4

Mr. Watkins, then he is responsible for any harm that resulted. *See id.; see also* Maryland Pattern Jury Instruction 10:3 ("the fact that the injury would have been less serious if inflicted upon another person should not affect the amount of damages to which the plaintiff may be entitled").

Dr. Dicke's opinions that smoking contributed to subsequent injuries is only meant to confuse the jury into believing that Mr. Watkins never would have suffered any injuries if he had not been a smoker. On the contrary, even Dr. Dicke **agreed** that, if Mr. Watkins' rectum was not obstructed in the first place, he never would have had to have undergone the open abdominal surgery, or endured any of the subsequent procedures and damages that Dr. Dicke says have been affected by poor "wound healing." *See* Ex. 1 at 55-56 ("if you're asking me if the wound never occurred would have you have problems with wound healing then the answer is yes. Obviously if you don't have a wound then you don't have to worry about wound healing.").

Because testimony that Mr. Watkins' subsequent injuries and damages were exacerbated by a history of smoking is irrelevant, confusing, and violates the eggshell plaintiff doctrine, it should be excluded from the trial of this matter.

## Conclusion

For all of the foregoing reasons, Plaintiffs request that this Court grant their Motion To Exclude Portions Of The Testimony Of Defense Expert James Dicke, M.D.

\_\_\_\_/s/_____
Julia A. Lodowski
Emily C. Malarkey
SALSBURY, CLEMENTS, BEKMAN,

MARDER & ADKINS LLC
300 W. Pratt St., Suite 450
Baltimore, MD 21201
(410) 539-6633
*Attorneys for Plaintiffs*